UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TARONE WASHINGTON,

          Plaintiff,

v.

BERRIEN, COUNTY OF et al.,

          Defendants.

Case No. 1:24-cv-1032

Honorable Robert J. Jonker

_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*.

Plaintiff originally filed his complaint in *Washington v. Berrien, County of et al.*, Case No. 1:24-cv-996 (W.D. Mich.), claiming that the charges against him were "not supported by any evidence" and asking the Court to dismiss his criminal case and vacate his conviction. (Compl., ECF No. 1, PageID.1, 8.) Because Plaintiff's complaint challenged the fact and duration of his confinement, the Court construed Plaintiff's pleading as primarily a petition for writ of habeas corpus.[1] (Order, ECF No. 7, PageID.21.) The Court then severed Plaintiff's claim for damages only into a new and separate action, resulting in the instant case. (*Id*., PageID.22.)

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

---

[1] *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (explaining "that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'[citations omitted] He must seek federal habeas corpus relief (or appropriate state relief) instead.").

monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint on grounds of immunity and for failure to state a claim.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. Following a jury trial in the Berrien County Circuit Court, Plaintiff was convicted of one count of assault with intent to murder, Mich. Comp. Laws § 750.83; one count of second-degree murder, Mich. Comp. Laws § 750.317; and two counts of carrying or possessing a firearm during the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b. *People v. Washington*, No. 352408, 2021 WL 5232295, at *1 (Mich. Ct. App. Nov. 9, 2021). In 2020, the trial court sentenced Plaintiff to concurrent terms of 18 to 50 years' imprisonment for the conviction of assault with intent to murder and 31 to 75 years' imprisonment for the second-degree murder conviction. *Washington*, 2021 WL 5232295, at *1.

In his complaint, Plaintiff sues Judge Angela Pasula, Prosecutor Mark Sandford, and Public Defender Attorney Jolene J. Weiner-Vatter for alleged constitutional violations arising out of his criminal prosecution and conviction. (Compl., ECF No. 1, PageID.3–7.) Plaintiff generally claims that his prosecution was not supported by sufficient evidence, he was denied effective assistance of counsel, he was denied due process when he was not provided a probable cause conference and his probable cause hearing was delayed with the assent of his counsel, and he was generally denied

a fair trial. (*Id.*) The only requested relief at issue in this case is Plaintiff's request for monetary damages in the amount of $865,000,000.00. (*Id.*, PageID.8)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

3

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

      **A.     Plaintiff Fails to State a Claim Against Defendant Berrien County.**

In the caption of his complaint, Plaintiff lists Berrien County. (ECF No. 1, PageID.1.) However, Plaintiff makes no further mention of Berrien County in the list of parties or in the substantive allegations of the complaint.

Where a person or entity is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). Thus, Plaintiff's claims against Defendant Berrien County fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

To the extent that Plaintiff seeks to hold Berrien County liable for the actions of others, he may not do so. First, neither Defendant Judge Pasula nor Defendant Prosecutor Mark Sandford are acting on behalf of the county when they participate in the prosecution of criminal charges against an accused. *See Pucci v. Nineteenth Dist. Court,* 628 F.3d 752, 762–763 (6th Cir. 2010) (discussing Michigan's court system and stating that "there can be no doubt that all of Michigan's courts, including those trial-level courts funded by local funding units, are part of one, unified judicial branch of the state"); *Cady v. Arenac Cnty.*, 574 F.3d 334, 345 (6th Cir. 2009) (holding that, under

4

Michigan law, a prosecutor acts on behalf of the state, not the county, when prosecuting state criminal charges).[2]

To the extent that Judge Pasula or Prosecutor Sandford can be considered to be county employees for purposes of a § 1983 claim, a municipal entity may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) at 694. Instead, a county is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire*, 330 F.3d at 810. "Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights." *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (citing *Monell*, 436 U.S. at 692). Plaintiff does allege any facts that would establish that Berrien County maintains an official policy or custom that could be said to have been the moving force behind any constitutional violation.

For each of the foregoing reasons, the Court finds that Plaintiff has failed to state a claim against Berrien County. Therefore, the Court will dismiss Plaintiff's complaint against Berrien County .

---

[2]Moreover, as set forth below, *see* II. D., Defendant Defense Counsel Weiner-Vatter was neither a state actor nor a county employee when she acted on Plaintiff's behalf during his criminal prosecution.

### B.    Defendant Pasula Is Entitled to Absolute Judicial Immunity.

Plaintiff sues Defendant Judge Pasula for actions taken during Plaintiff's criminal prosecution. However, generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotation marks omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).

Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11;[3] *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12; *Bright v. Gallia Cnty.*, 753 F.3d 639, 649 (6th Cir. 2014) (recognizing the difference between an "excess of jurisdiction and the clear absence of all jurisdiction over the subject matter[,]" and noting that only the latter deprives a judge of judicial immunity).

Plaintiff's allegations fail to implicate either of the exceptions to judicial immunity. There is no doubt that the acts of Judge Pasula relating to Plaintiff's criminal prosecution were judicial acts and within the court's jurisdiction. Accordingly, Plaintiff may not maintain an action for monetary damages against Defendant Pasula. 28 U.S.C. § 1915(e)(2)(B)(iii). Because Plaintiff

---

[3] The *Mireles* Court made clear that immunity is not overcome even by allegations of bad faith, corruption, or malice. *Mireles*, 502 U.S. at 11.

may not maintain an action against Defendant Pasula for damages, Plaintiff has failed to state a claim against Defendant Pasula upon which relief may be granted. Accordingly, Plaintiff's complaint against Defendant Pasula will be dismissed on grounds of immunity and failure to state a claim.

### C.    Defendant Sandford Is Entitled to Prosecutorial Immunity.

Like Defendant Pasula, Defendant Sandford is also entitled to absolute immunity for his actions in prosecuting the criminal action against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *See Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate, *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003), which include the initiation and pursuit of a criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). In contrast, investigatory or administrative functions that are normally performed by a detective or police officer, are not entitled to absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276–78 (1993); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role as an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797.

Here, the actions of Defendant Sandford—charging Plaintiff and prosecuting him for violations of state law—are intimately associated with the judicial phase of the criminal process. Plaintiff's complaint is devoid of facts from which the Court could infer that Defendant Sandford took any investigatory or administrative actions that would fall outside the scope of prosecutorial immunity. Accordingly, Defendant Sandford is entitled to immunity from Plaintiff's claims for

damages. Because Plaintiff may not maintain an action against Defendant Pasula for damages, Plaintiff has failed to state a claim against Defendant Pasula upon which relief may be granted. Accordingly, Plaintiff's complaint against Defendant Pasula will be dismissed on grounds of immunity and failure to state a claim.

### D.    Defendant Weiner-Vatter Is Not Subject to Liability Under § 1983.

Plaintiff cannot state a § 1983 claim against his former appointed attorney, Defendant Weiner-Vatter, as she was not acting under the color of state law within the meaning of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981). "It is firmly established that a public defender or a court-appointed defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983." *White v. Robertson-Deming*, 9 F. App'x 418, 419–20 (6th Cir. 2001) (citing *Polk County,* 454 U.S. at 325 ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.")); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Consequently, Plaintiff has failed to state a claim against Defendant Weiner-Vatter upon which relief can be granted; accordingly, the Court will dismiss Plaintiff's complaint against her.

### E.    State Law Claims

Finally, as noted above, claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). To the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over any state-law claim, the Court declines to exercise jurisdiction.

Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims.") (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotations omitted). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, because Plaintiff's federal claims will be dismissed in their entirety, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law claims will be dismissed without prejudice to Plaintiff's ability to raise those claims in the state courts.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims will be dismissed on grounds of immunity and for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The

Court will dismiss Plaintiff's state law claims without prejudice to Plaintiff's ability to raise those claims in the state courts.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the full appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:  October 16, 2024         /s/ Robert J. Jonker
                                 Robert J. Jonker
                                 United States District Judge